## Elicker et al. v. York County Commissioners

*Donald B. Waltman*, for plaintiffs.
*Paul E. Stein*, for respondents.

SHERWOOD, P. J., August 22, 1947.—This matter is before the court on a petition in the form of a taxpayer's bill seeking injunctive relief against the County Commissioners of York County, Pa., from submitting a local option referendum to the voters of Dillsburg Borough, York County, Pa.

A rule to show cause why a permanent injunction should not be awarded restraining the county commissioners from submitting a local option referendum to the voters of Dillsburg Borough, York County, Pa., at the ensuing primary election was granted returnable August 18, 1947. An answer was filed in due course. The facts are not in dispute.

At the argument it was stipulated that the petition filed with the county commissioners on July 10, 1947, contained the signatures of 164 residents of the Borough of Dillsburg, York County, Pa.; of this number 125 signers of the petition were duly qualified electors on the registration list of the County Board of Elections for the Borough of Dillsburg, York County, Pa., at the time each of them signed the petition for referendum; of the remaining 39 petitioners, 19 were not qualified electors and voters of the Borough of Dillsburg, York County, Pa., as none of them had registered with the County Board of Elections of York County, Pa., for the Borough of Dillsburg, York County, Pa., at the time of signing the petition or subsequent thereto up to the time of hearing; the other 20 petitioners were not qualified electors and voters of the Borough of Dillsburg, York County, Pa., as none of them had registered with the County Board of Elections of York County, Pa., for the Borough of Dillsburg, York County, Pa., at the time of signing the petition; subsequently, however, these 20 petitioners caused their names to be placed upon the registration list for the County Board of Elections for the Borough of Dillsburg, York County, Pa., after the petition had been filed with the county commissioners but prior to the filing of the present taxpayer's bill. It was further stipulated that the number of signatures required to the petition for a referendum vote is 135.

Defendants contend that the bill should be dismissed for the reason that at the time of the filing of the taxpayer's bill there was no wrong to be remedied; as of

that date, to wit, August 5, 1947, more than 135 petitioners who were then duly qualified electors and voters of the Borough of Dillsburg, York County, Pa., had signed the petition for referendum to the county commissioners.

Plaintiffs insist that there was a wrong to be remedied in that at the time of signing the referendum petition to the county commissioners it did not contain the names of 135 qualified electors and voters of the Borough of Dillsburg, York County, Pa., duly registered with the County Board of Elections of York County, Pa. We agree with the latter contention.

In the case of Aukamp et al. v. Diehm et al., 336 Pa. 118, 120, the Supreme Court, speaking through Mr. Justice Linn, said:

"The question then is, What did the legislature mean by the word 'electors' in section 502 in one of the statutes, and in section 32 of the other? The Constitution, Article VIII, section 1, defines qualifications of an elector—'subject, however, to such laws requiring and regulating the registration of electors as the General Assembly may enact'. The Election Code of 1937, P. L. 1333, 25 PS §§2600 et seq., section 701, P. L. 1361, 25 PS §2811, presumably enacted pursuant to the constitutional provision, prescribes as a qualification that the elector 'has complied with the provisions of the acts requiring and regulating the registration of electors'. The subject of registration in the districts in question is covered by 'The Permanent Registration Act for Boroughs, Towns and Townships', approved April 29, 1937, P. L. 487, 25 PS §951, which requires registration as a condition of voting. That act, P. L. 488, 25 PS §§951-2, defines 'qualified elector' as 'any person who shall possess all of the qualifications for voting now or hereafter prescribed by the Constitution of this Commonwealth, or who, being otherwise qualified by continued residence in his election district, shall obtain such qualifications before

the next ensuing election'. We think the legislature used the word 'elector' in both the Liquor Control Act and the Beverage License Act in the sense of one qualified to vote at the election and therefore *one who, at the time of signing the petition for the referendum, was a registered voter.* The alternative holding might result in a referendum on the demand of persons not qualified to vote, a result which we think would have been expressed, if intended. To the suggestion that nonregistered signers of a petition might register before the election, a complete answer is that by requiring registration as a condition of participating in an election, the legislature, by the word 'electors', intended petitioners to be persons at that time registered; unless that were held to have been the legislative intention the commissioners would have no way of ascertaining whether the requisite number of signers were electors; if registration at the time of signing be a requisite, the commissioners can immediately determine the fact by consulting the registration lists."

Under the above decision, it follows that the injunctive relief sought must be granted.

And now, to wit, August 22, 1947, it is ordered, adjudged and decreed that the rule granted August 5, 1947, is made absolute and James McDowell, Walter L. Trout and Edward E. Eyster, County Commissioners of York County, Pa., be and are hereby permanently enjoined and restrained from submitting on the ballot to the voters of the Borough of Dillsburg, York County, Pa., at the primary election to be held September 9, 1947, the question of a liquor license referendum (whether or not liquor licenses for the sale of liquor shall be granted in Dillsburg Borough) submitted to the county commissioners on the petition filed with them on July 10, 1947, and an exception is granted to the county commissioners and all parties in interest to the action of the court in this regard.